## 44184. CARROLL v. ASKEW.

Argued January 7, 1969—Decided February 6, 1969—
Rehearing denied February 21, 1969.

*Glover & Davis, J. L. Glover, Welborn B. Davis, Jr.,* for appellant.

*Henry N. Payton,* for appellee.

FELTON, Chief Judge. ■ The charge enumerated as error is as follows: "I charge you that one who knowingly and voluntarily takes a risk of injury to his person, the danger of which is so obvious that the act of taking such risk in and of itself amounts to a failure to exercise ordinary care and diligence for his own safety, can not hold another person liable for

damages for injuries thus occasioned, that where a person voluntarily assumes a position of imminent danger, where there is at hand and accessible to him, a place of comparable safety, and by reason of having taken that dangerous position he is injured, he can have no recovery against another who may also be negligent, because the plaintiff's negligence in taking the position is one of the direct and proximate causes of injury and contributes thereto."

It was error for the court to give the above charge. There was no evidence that golfers on the Newnan course were in a habit of negligently practice-swinging their clubs in the vicinity of the first tee and between it and the clubhouse, nor was there evidence that the plaintiff knew that the defendant was swinging his club before or at the time it struck the plaintiff. The charge is wholly inapplicable to the facts and issues in this case. We cannot agree with the contention of counsel for the appellee that the charge states the avoidance rule. It cannot be said that this charge was not harmful to the appellant.

■ The charge requested and not given by the court, enumerated as error, is as follows: "While it is true that golf players assume the risk of dangers ordinarily incident to the game, yet that rule does not apply or extend to a negligent act of a fellow player; and this is true, since another player on the same course must always exercise ordinary care and diligence not to injure another player and a failure to do so is actionable notwithstanding the assumption of risk rule."

It was error for the court to refuse to give in charge the above request to charge. The request states the principle held in *Thomas v. Shaw*, 217 Ga. 688 (124 SE2d 396), wherein the court stated that "while it is true . . . that golf players assume the risk of dangers incident to the game, yet that rule does not apply or extend to a negligent act of a fellow-player; and this is true, since another player on the same course must always exercise ordinary care and diligence not to injure him, and a failure to do so is actionable notwithstanding the assumption-of-risk rule." The only thing which could make the above decision inapplicable to this case would be to take golf players on the course for the purpose of playing golf and taking practice

swings or doing other things or waiting to tee off of the first tee out of the class of fellow golf players. To do so would seem so unreal and contrary to fact as to virtually preclude serious debate. As with the error in giving the charge quoted in Division 1, so it is with the failure to give the request just discussed, we cannot say that a failure to give it in charge was not harmful to the appellant.

The court erred in rendering the judgment on the verdict.

*Judgment reversed. Pannell and Quillian, JJ., concur.*

### ON MOTION FOR REHEARING.

The motion for a rehearing consists solely of a motion to dismiss the appeal on the ground that the transcript of evidence was not filed in this court within the time required by law. A purported transcript was filed in this court in due time. A carbon copy, rather than the original, of the transcript, was sent to the clerk of this court and returned by him to the clerk of the trial court for the substitution of the original for the copy. The original transcript reached this court beyond the time fixed by law for its filing. There is no certificate by the trial court clerk that the delay was due to his mistake. However, the correspondence between the clerk of this court and the clerk of the trial court shows that the transmission of the carbon copy of the transcript was sent to this court through the inadvertence of the clerk of the trial court and that the late transmission of the original of the transcript was not due to the appellant's negligence or fault. The motion to dismiss is denied. *Code Ann.* § 6-809 (b) (Ga. L. 1968, pp. 1072-1074).

*The motions to dismiss and for rehearing are denied.*