44781. MOORE v. JONES, Next Friend.

PANNELL, Judge. Assuming, without deciding, that where a sixteen-year-old boy plays soccer as required in a school physical education period, he assumes the risk of injury from the negligent act of an opposing player which may likely occur during such a game, and could recover only for a wilful and wanton act of such opposing player causing an injury, as

distinguished from ordinary negligence (*Hale v. Davies*, 86 Ga. App. 126 (70 SE2d 923)), it does not follow that the failure of the petition to allege wilful and and wanton negligence in an action based on such injury is grounds for reversing the *denial* of a summary judgment for the defendant where the only evidence adduced on the motion for summary judgment is the deposition of the plaintiff which would authorize a finding that a wilful and wanton act of the defendant was the cause of plaintiff's injury. Such a showing does not satisfy the defendant movant's burden of clearly establishing that there is no genuine issue of material fact *and that defendant is entitled to a judgment as a matter of law based on the facts shown*. See *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442).

*Judgment affirmed. Quillian and Evans, JJ., concur.*

ARGUED SEPTEMBER 12, 1969—DECIDED SEPTEMBER 30, 1969—
REHEARING DENIED OCTOBER 21, 1969.

*Conyers, Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel,* for appellant.

*Alaimo & Taylor, A. Blenn Taylor,* for appellee.