45503, 45504. GREGORY v. HESTER et al. (two cases).

WHITMAN, Judge. The complaints of George Gregory, Jr., and George Gregory, Sr., both allege the following:

"1. [D]efendant Kenny Hester, while using a pellet rifle, negligently discharged said pellet rifle in such a manner as to cause a BB pellet to strike plaintiff's right eye.

"2. [D]efendant J. F. Hester negligently permitted and allowed his son, Kenny Hester, while under his supervision and control, to bring upon the property which he maintained as his residence a pellet rifle wherein he allowed his son, Kenny Hester, to use and operate said pellet rifle to the injury and detriment of the plaintiff, the said J. F. Hester knowing the danger and harm of a BB pellet upon being discharged from a pellet rifle."

Gregory, Jr.'s complaint further alleged his eye was destroyed; that it had to be removed and replaced with a glass eye; and that the damage and injury has caused and will continue for the remainder of his life to cause great physical and mental pain and suffering. He prayed for a judgment against the defendants in a certain amount.

Gregory, Sr.'s complaint alleged he had incurred certain medical expenses because of the alleged negligence, and prayed for a judgment against the defendants therefor.

Both defendants made motions for summary judgment in each case, which motions were based upon the pleadings; the depositions of George Gregory, Jr. and Kenny Hester, and the affidavit of J. F. Hester. Arguments on the motions were had at a hearing on March 27, 1970. The motions of J. F. Hester were granted on March 27, 1970, and he was dismissed from the cases.

On April 9, 1970, the plaintiffs amended their complaints to allege that the discharge of the pellet rifle by Kenny Hester was negligence as a matter of law in that it violated certain ordinances of the City of Atlanta. Plaintiffs also on that date filed and served affidavits of certain city officers with certified copies of city ordinances attached thereto. One of the ordinances recites: "It shall be unlawful for any person to shoot any air gun, air pistol, slingshot or like instrument or weapon within the limits of the city." The other ordinance prohibits shooting of any firearms in the city unless specifically authorized by proper authority.

On April 20, 1970, the trial court granted Kenny Hester's motions for summary judgment by the following order entered in each case:

"The court having sustained the motion for summary judgment as to defendant J. F. Hester by order dated March 27, 1970, and having taken the motion for summary judgment as to defendant Kenny Hester under advisement on March 27, 1970, with leave granted to counsel to file memoranda briefs of law as to defendant, Kenny Hester's motion for summary judgment.

"After consideration of the evidence presented as of March 27, 1970, arguments of counsel as of March 27, 1970, and memoranda briefs of law received thereafter;

"It is considered, ordered and adjudged that the said motion for summary judgment be and the same hereby be sustained as to defendant, Kenny Hester, and the above stated case is hereby dismissed."

Both plaintiffs have appealed from the grant of summary judgment as to Kenny Hester in their respective cases and have

enumerated the same as error. There was no appeal in either case from the grant of summary judgment as to J. F. Hester and there is no enumeration of error relating thereto.

What happened is disclosed by the depositions of Kenny and George, Jr. There is virtually no conflict as to what transpired. Both boys were neighbors and good friends and were 14 or 15 years old. They decided to target practice with BB guns. George, Jr., owned a BB pistol and he went home and got it. Kenny did not own a gun so he borrowed one from his friend, Mike Cash, who lived in the neighborhood. Kenny and George, Jr., had both shot Mike's gun before. It was a BB air rifle and would shoot either "pellets" or BBs. They went to Kenny's backyard and together put up a piece of cardboard on the chain-link fence and drew a bulls-eye on it. Then they both moved back from the target about 12 feet. They were standing beside each other. Both had BBs. George, Jr. shot first and it was heard to hit the target. Then he moved to one side of Kenny, about 4 or 5 feet. Then Kenny aimed at the target and shot a BB. The BB ricocheted back from the target or the fence and struck George, Jr. in the eye. *Held:*

1. Both appellants contend that the trial court erred in failing to consider their April 8, 1970 affidavits (which averred the existence of and had attached thereto certified copies of city ordinances) in rendering its April 20, 1970, order granting Kenny Hester's motions for summary judgments. The summary judgment order (set forth above) recites that the decision therein is based upon the evidence presented as of March 27, 1970.

The pleadings were amended and the city ordinance affidavits in opposition to the motions for summary judgment were filed and served several days after the appointed day for the hearing had arrived and transpired. We do not think the evidentiary matter contained in the affidavits thusly offered could properly be considered in passing upon the motion unless upon motion or in the trial court's discretion the hearing was ordered reopened for hearing additional evidence and objections thereto. We do not agree with appellants' contention that the "hearing" remained open from the date the hearing was set until the date an order was entered. See in this connection *Malone v. Ottinger,* 118 Ga.

App. 778 (165 SE2d 660).

Even if the ordinances had been properly before the court for consideration, a different result would not have been authorized for the reasons set forth in the next division.

2. Generally, the participants in games such as golf, baseball, football, etc., assume the risk of dangers inherent in the games and cannot recover from a fellow participant because of injury suffered. Generally, see Annot. 7 ALR2d 704, 714. But participants do not necessarily assume the risk of injury from negligent acts of fellow participants. *Thomas v. Shaw,* 217 Ga. 688 (2) (124 SE2d 396). However, where an act is about to take place (even an unlawful act such as would constitute negligence per se) which would involve risk of injury, and the intention of the actor is known and the risk is known and by free choice is assumed, there can be no recovery if injury results. *Roberts v. King,* 102 Ga. App. 518 (116 SE2d 885).

Even if the facts in the present case would permit a finding of negligence (either common law negligence for conduct which could reasonably be foreseen to have caused injury or negligence per se because of a city ordinance violation), no recovery would be authorized. The facts are not in dispute. Both boys were acting together for the common purpose of entertaining themselves by testing their shooting prowess. Together they selected and placed their target and chose their distance. Neither one did any act which the other did not invite, expect and anticipate. George, Jr., shot at the target and stepped to one side. Kenny raised his gun, aimed and shot at the target. George, Jr., was hit by the ricochet. And while it was doubtless not expected that any BBs shot toward the cardboard target on the chain-link fence would ricochet backwards, there is always a danger of a ricochet in some direction from any projectile. Both boys voluntarily assumed the risks of any dangers associated with shooting BBs at a target so placed. Cf. *McLane v. Stillmaker,* 103 Ohio App. 255 (143 NE2d 610).

The facts in this case show a clear and indisputable case of assumption of the risk and no liability. The trial court did not err in granting the defendant's motions for summary judgment.

*Judgments affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED OCTOBER 1, 1970—DECIDED MARCH 3, 1971.

*Carnes & White, Charles L. Carnes, James A. White, Jr.,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley,* for appellees.