## 46670. JACKSON v. YOUNG.

CLARK, Judge. This case involves a negligence action brought by a minor plaintiff, by next friend, against a minor defendant. The defendant, who was 12 years old at the time, is alleged to have negligently swung a golf club which struck the plaintiff in the eye and virtually destroyed the sight therein. Plaintiff was 8 years old.

Plaintiff appeals the grant of a motion for summary judgment to the defendant and enumerates the same as error. *Held:*

1. It has recently been held that a minor defendant who has not attained the age of 13 at the time of the tort is immune from suit. See *Brady v. Lewless,* 124 Ga. App. 858 (186 SE2d 310); certiorari denied. However, the tort in that case did not occur until after 1968, when by legislation the age of discretion and accountability was raised from 10 to 13 years. The alleged tort in the present case occurred in 1966 when the age of discretion and accountability was still 10 years. The plaintiff herein having a right, vested by the law as it stood at the time of the incident in 1966, to sue a 12-year old minor for negligence, the subsequent action of the legislature in changing the age of accountability did not divest that right. Generally, legislation affecting substantive rights operates prospectively only, not retroactively. See *F. H. Ross & Co. v. White,* 224 Ga. 324 (2) (161 SE2d 857). Thus, the defendant herein was not immune from suit because of age.

2. The defendant moved for a summary judgment, contending that the pleadings and depositions on file showed that there was no genuine issue as to any material fact and that the defendant was entitled to a judgment under the facts as a matter of law.

The court entered an order granting the motion, reciting therein that in doing so it had considered the depositions of plaintiff Andrew Jones Jackson, Jr., plaintiff's sister Katherine Elane Jackson, and defendant Patricia Young, and argument of counsel.

The evidence does not conflict in any material particular regarding what occurred. Patricia was in Andy's yard talking with Andy's sister. Andy and his friend, Mark, were hitting golf balls with one of Andy's father's clubs. Patricia wanted to hit a golf ball. She either asked Andy's permission or picked up the club after Andy had laid it down. In any event, there was no objection to her doing so. Her intention to swing was known by Andy and Katherine. Patricia swung and hit Andy with the club on her follow through. She stated that she did not look behind her prior to swinging; that she figured Andy was behind her but she did not know how far; but that she did not know at the time she swung that he was within range of the club. Andy stated that he was watching Patricia; that he knew she was going to swing, but figured he was far enough away.

The contention is made in behalf of the 8-year-old plaintiff that the 12-year-old defendant was guilty of negligence. On the other hand, the minor defendant argues that the plaintiff minor was contributorily negligent or assumed the risk. Unless the facts are so plain and palpable that they demand a finding by the court as a matter of law (*Queen v. Craven,* 95 Ga. App. 178 (97 SE2d 523); *Atlanta Gas Light Co. v. Brown,* 94 Ga. App. 351 (94 SE2d 612), these specific matters are to be determined by a jury. *Howard v. Savannah Electric Co.,* 140 Ga. 482 (79 SE 112); *Rothschild v. First Nat. Bank,* 54 Ga. App. 486 (188 SE 301); *Eubanks v. Mullis,* 51 Ga. App. 728 (181 SE 604); *Southern Cotton Oib Co. v. Gladman,* 1 Ga. App. 259 (58 SE 249); *Columbus Power Co. v. Puckett,* 24 Ga. App. 390 (100 SE 800); *Hanchey v. Hart,* 120 Ga. App. 677 (171 SE2d 918).

Since both plaintiff and defendant were respectively 8 and 12 years old at the time of the occurrence, they come within the age category of minors whose failure to exercise due care is for decision by a jury. *Mayor &c. of Madison v. Thomas,* 130 Ga. 153 (3) (60 SE 461); *Cohn v. Buhler,* 30 Ga. App. 14 (116 SE 864). "There is no pre-

sumption of law that a child between the ages of seven and fourteen did or did not exercise due care, or does or does not have sufficient capacity to recognize danger or to observe due care." *Brewer v. Gittings,* 102 Ga. App. 367 (4) (116 SE2d 500). As was well said by Judge Bell in this controlling authority (p. 374): "It seems clear from the Georgia cases that the question of capacity or lack of capacity to be contributorily negligent in the case of children between the ages of seven and fourteen is a subjective one which necessarily depends in each situation upon the particular child's mental and physical capacity. Thus, there is no presumption that the child did or did not exercise due care or does or does not have sufficient capacity to recognize danger or to observe due care. See *Simmons v. Atlanta & West Point R. Co.,* 46 Ga. App. 93 (d) (166 SE 666); *Southern R. v. Chatman,* 124 Ga. 1026, 1037 (53 SE 692, 6 LRA (NS) 283, 4 AC 675). Since the question of capacity is an individual one in each of the cases involving children between seven and fourteen years of age, the jury must first find that the particular child had the capacity required and then must decide whether or not the child exercised it. As it was stated in *Central R. & Bkg. Co. v. Rylee,* 87 Ga. 491, 495 (13 SE 584, 13 LRA 634), 'The better rule would be for the jury to deal with each case upon its own facts, unhampered by presumptions of law either for or against the competency of the child.'"

Whether Patricia's conduct under the circumstances was such as to amount to negligence, and whether Andy was contributorily negligent or assumed the risk, or whether Andy's injury was due solely to a failure to exercise due care for his own safety, are questions which should be decided by a jury in light of the conduct to be expected *from each.* "Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation. Due care according to age and capacity is all the law exacts of a child of tender

years. Neither the average child of its own age, nor the prudent man, is a standard by which to measure its diligence with legal exactness." *Linder v. Brown,* 137 Ga. 352 (5) (73 SE 734);*Western & A. R. Co. v. Young,* 81 Ga. 397 (7 SE 912, 12 ASR 320); *Brewer v. Gittings,* 102 Ga. App. 367 (3), supra. *Code* § 105-204. Cf. *Brady v. Lewless,* 124 Ga. App. 858, supra.

3. The case of *Gregory v. Hester,* 123 Ga. App. 406 (181 SE2d 104) involved a case of assumption of a risk clearly associated with the game being played (shooting BBs at a target). Similarly *Hale v. Davies,* 86 Ga. App. 126 (70 SE2d 923) dealt with participation in a football practice, and *Moore v. Jones,* 120 Ga. App. 521 (171 SE2d 390) involved a soccer game. We do not regard the factual situation of minors hitting golf balls as analogous to football and soccer which are inherently hazardous. As to the risks incident to adults engaged in the ancient and honorable folly of pursuing a white pellet usually with frustrating results accompained by billingsgate and vituperation, see *Rose v. Morris,* 97 Ga. App. App. 764 (104 SE2d 485), *Carroll v. Askew,* 119 Ga. App. 224 (166 SE2d 635), and *Thomas v. Shaw,* 217 Ga. 688 (124 SE2d 396).

*Judgment reversed. Hall, P. J., and Eberhardt, J., concur.*
SUBMITTED OCTOBER 5, 1971—DECIDED JANUARY 21, 1972.

*Aynes, Feldman & Genins, R. John Genins,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., J. Stephens Jenkins,* for appellee.