## 51140. ANDERSON v. HAPP et al.
## 51141. HAPP et al. v. SAVANNAH TRANSIT AUTHORITY et al.

PANNELL, Presiding Judge.

These cases come to this court on appeal from the denial of a summary judgment as to the appellant Anderson (case no. 51140) and from the grant of a summary judgment in favor of Cecil A. NeSmith and Savannah Transit Authority (case no. 51141) in an action by Pamela Happ, a minor and her father, Frederick Happ, seeking recovery of damages occasioned when Pamela Happ was struck by a Chevrolet Truck, or camper, driven by Anderson after she had alighted from a bus of Savannah Transit Authority driven by NeSmith.

The minor, at the time of the occasion in question, was 11 years old and had left the bus at a bus stop on Largo Drive, Savannah, Georgia. This street was a divided street with a grass median strip several feet wide. The place where the bus stopped had no sidewalks but did have a grass shoulder approximately 8 to 10 feet wide. The child alighted from the bus and walked a distance

estimated by the bus driver as 36 steps to a point where a ditch intersected the shoulder and then stopped. The driver did not see her again until after she was struck by the camper, driven by Anderson, the bus driver being busy giving another passenger change for a bus fare. The driver testified he warned the child about automobile traffic as she left the bus. Anderson testified he passed the bus traveling about 25 miles per hour, there being room to pass, and as he did so, the child suddenly ran out from behind the bus and into the right front of his vehicle. Another witness testified that Anderson told him, "Honestly, I never saw the child. I never even touched my brakes. It was over and I felt her before I knew what happened." Anderson testified he was about a truck-length in front of the bus when it happened. A witness, Doyle, who was at the scene, testified that the child alighted from the bus, walked to the ditch and took approximately two steps into Largo Drive, stopped, looked in the direction of the bus, then ran across that side of Largo Drive toward the grass median strip and was struck by the Chevrolet camper and was thrown into the air. Another witness, an investigator, testified Doyle told him the child "only walked fast" toward the median strip. *Held:*

1. In our opinion the evidence presented on the motions for summary judgment shows conclusively there was no breach of any duty owed to the child by either the driver of the bus or the Savannah Transit Authority. That the bus, at an authorized bus stop, obscured the vision of the child as to the approaching camper vehicle, as well as the vision of the driver of the camper vehicle as to the child, does not, under the facts here disclosed constitute negligence as to the child or the driver of the camper. All buses stopped at a bus stop would do the same thing. We, accordingly, affirm the grant of a summary judgment to the defendants NeSmith and the Savannah Transit Authority, in case no. 51141.

2. As to the overruling of defendant Anderson's motion for summary judgment brought up for review in appeal no. 51140, the jury would have been authorized to find that he never saw the child before the collision, although it occurred 36 steps in front of the stopped bus,

and that, therefore, he was negligent in not keeping a proper lookout ahead in the direction he was traveling.

Due care according to age and capacity is all the law exacts of a child of tender years. Neither average child of its own age, nor prudent man, is a standard by which to measure its diligence with legal exactness. *Jackson v. Young,* 125 Ga. App. 342, 344 (187 SE2d 564). A child less than 14 years of age is not bound to exercise ordinary care exacted of every prudent man, but only to exercise due care according to his age and capacity; such care as capacity of the particular child enables it to use naturally and reasonably, is what the law requires. *Kendrick v. High Shoals Mfg. Co.,* 21 Ga. App. 315 (1) (94 SE 287). "Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation." Code § 105-204. It was a question for the jury under the circumstances of the present case as to whether the minor child exercised ordinary care under the circumstances, and if so, whether she was negligent and whether her negligence barred a recovery. Whether or not the father was guilty of such negligence as would bar his recovery, in the absence of such negligence on the part of the child, in permitting a child 11 years old to ride the bus unaccompanied, is question for the jury as well.

3. The remaining enumerations of error in case no. 51140 are without merit, or if error, were harmless error.

*Judgment affirmed in case no. 51141; judgment affirmed in case no. 51140. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED NOVEMBER 7, 1975 — REHEARING DENIED DECEMBER 3, 1975 —

*Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr., William H. Pinson, Jr., Lawrence G. Dillon,* for Anderson and Savannah Transit Authority et al.

*Joseph B. Bergen, Bouhan, Williams & Levy, James M. Thomas,* for Happ et al.