### 53844. DUBLIN COUNTRY CLUB, INC. et al. v. GRIFFITH.

SHULMAN, Judge.

Plaintiff was a member and director of the Dublin Country Club and chairman of the building and grounds committee, which was responsible for the operation and maintenance of the swimming pool. After playing a round

of golf, plaintiff was approached by the club president and asked to check the condition of the pool. A pool skimmer with a pole and net was lying beside the pool. Plaintiff checked the pool by using the skimmer and then on his own volition attempted to replace the skimmer on the rack near the pool. To do so, he attempted to stand upon a spring action chair with rounded corners, of the type frequently used around pools and patios. The chair toppled over and plaintiff fell, receiving an injury, which unfortunately, necessitated the removal of his right eye.

There was no evidence of any defective condition of the chair or that the chair broke. Testimony showed that the concrete around the chair was dry. Verdict and judgment for $5,000 was rendered in favor of the plaintiff. Defendants' motions for directed verdict during the trial and subsequently for judgment notwithstanding the verdict were denied.

Assuming without conceding that plaintiff was an invitee, there still can be no ultimate recovery unless negligence on the part of the defendant is shown. *Mitchell Motors, Inc. v. Tatum,* 120 Ga. App. 689, 690 (172 SE2d 187). In this case we see no evidence of negligence whatsoever.

Philosophically, the writer generally disapproves of any type of summary adjudication unless no other conclusion is permissible. We certainly agree that ordinarily issues of negligence are not susceptible of summary adjudication but should be resolved by a trial before a jury. *Simmons v. Classic City Beverages, Inc.,* 136 Ga. App. 150, 151 (220 SE2d 734). But quoting from Judge Evans' opinion in the same case, "The sole issues here are whether defendants were negligent, and if so, whether plaintiff by exercise of ordinary care could have avoided the consequences of such negligence. Code § 105-603. Or to take it one step further, as this is on summary judgment, and as negligence is almost always an issue for the jury to determine, was there a jury issue on the question of negligence and avoidance thereof? The plaintiff went into the situation with his eyes wide open. He saw the whole picture; he had the opportunity to measure the risks, if any, and was under no compulsion to overexert or strain himself if lifting the heavier crate, in

his judgment, might cause him injury. Every adult is presumed to be endowed with normal faculties, both mental and physical. . .If his foreman or superintendent had given him some excuse for not using his normal judgment, such as urging him to hurry, etc., there might be some excuse for his failure to exercise his good judgment and he might be excused from not backing away from the dangerous situation. But there was no such situation in existence. He did it all on his own volition, unhurried and under no coercion."

In the case at bar plaintiff acted solely on his own. It would not be foreseeable that a chair of the type involved there would be utilized in the manner in which it was used in this case. " 'The general rule in such cases is not whether injuries result or the consequences were possible, but whether they were probable, that is, likely to occur according to the usual experience of persons. It is not necessary that a person be required to anticipate or foresee and guard against what is unusual and not likely to happen, but to anticipate and foresee and provide against that which usually happens or is likely to happen. *Whitaker v. Jones, McDougald, Smith Pew Co.,* 69 Ga. App. 711, 716 (26 SE2d 545).' *Feldman v. Whipkey's Drug Shop,* 121 Ga. App. 580, 581 (174 SE2d 474).

"One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and un-likely to happen, or what is only remotely and slightly probable. See *Powell v. Waters,* 55 Ga. App. 307 (190 SE 615); *Peggy Ann of Ga. v. Scoggins,* 86 Ga. App. 109, 116 (71 SE2d 89); *Yarbrough v. Cantex Mfg. Co.,* 97 Ga. App. 438, 440 (103 SE2d 138)." *Wright v. Shoney's of Sa-vannah,* 141 Ga. App. 362, 363 (233 SE2d 474).

Legal liability arises only upon the breach of some legal duty. *Atlanta & W. P. R. Co. v. West,* 121 Ga. 641, 645 (49 SE 711).

There being no evidence of negligence by the defendants, recovery is precluded.

*Judgment reversed with direction that judgment be entered for the defendants. Quillian, P. J., and Banke, J., concur.*

ARGUED MAY 9, 1977 — DECIDED MAY 25, 1977.

*H. G. Bozeman,* for appellants.
*H. Dale Thompson,* for appellee.