## 54427. RUSSELL v. GOZA et al.

SHULMAN, Judge.

Appellant's six-year-old daughter died one day after she was injured by a car driven by appellee. This appeal follows the action of the trial judge in directing a verdict in favor of defendants/appellees, at the conclusion of plaintiff's/appellant's case.

1. The granting of the motion for directed verdict is enumerated as error.

"The trial judge has no right whatever to weigh the evidence, nor to decide any issue of fact. Before he can legally direct a verdict for the defendants, he must find from the evidence that there is *no evidence of any kind* supporting plaintiff's position. [Cits.]" *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835, 837 (227 SE2d 522). See

generally *Trotter v. Peet,* 135 Ga. App. 580 (218 SE2d 295).

Viewed in the light most favorable to plaintiffs/appellants, the evidence shows that plaintiff's six-year-old daughter, Margaret, was struck by the defendant's car. Defendant was following a car containing Margaret which pulled to the curb and stopped. Defendant slowed her vehicle and attempted to go around the other car. She did not sound her horn when passing. In passing, defendant entered the opposite lane of traffic and concentrated on the hill crest to sight on-coming traffic. As she proceeded around the automobile at about 10-15 mph, defendant heard a scream. She applied her brakes and stopped. Margaret was found lying under defendant's car, her side and arm against the rear right wheel. Forty to fifty percent of Margaret's body was under the car, her head being the furthermost portion of her body under the car. Defendant did not see Margaret prior to impact. There were no structures or weather conditions which prevented an unobstructed view.

The mishap occurred in a residential neighborhood at a time when children ordinarily returned home from school. Defendant was aware that children were walking home from school and that people in the neighborhood were bringing children home from school in their automobiles. She had, in fact, picked up her own child from school shortly before the tragedy.

Unless no other conclusion is permissible, questions of negligence are matters for jury resolution and are not ordinarily susceptible to summary adjudication. *Dublin Country Club v. Griffith,* 142 Ga. App. 391 (236 SE2d 137).

The evidence does not demand a finding that as a matter of law no actionable negligence appears. *Anderson v. Happ,* 136 Ga. App. 839 (2) (222 SE2d 607); *Smith v. Kleinberg,* 49 Ga. App. 194 (174 SE 731); *Christian v. Smith,* 78 Ga. App. 603 (1) (51 SE2d 857); *Eubanks v. Mullis,* 51 Ga. App. 728 (181 SE 604); *Cohn v. Buhler,* 30 Ga. App. 14 (116 SE 864).

Accordingly, the granting of the directed verdict was error which requires reversal.

2. Appellant's remaining enumeration is not likely to occur at a subsequent trial and accordingly need not be considered.

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED OCTOBER 11, 1977.

*Lokey & Bowden, Hamilton Lokey, Gerald F. Handley,* for appellant.

*Henning, Chambers & Mabry, Eugene P. Chambers, Jr., Rex D. Smith,* for appellees.