### 56443. CALDWELL et al. v. SHELL et al.

BANKE, Judge.

This is a tort action in which the trial judge directed a verdict for the defendant/appellee at the close of all the evidence. The appellants appeal the denial of their motion for new trial and enumerate as error the judge's entry of a directed verdict.

" 'The trial judge has no right whatever to weigh the evidence, nor to decide any issue of fact. Before he can legally direct a verdict for the defendants, he must find from the evidence that there is *no evidence of any kind* supporting plaintiff's position. (Cits.)' *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835, 837 (227 SE2d 522)." *Russell v. Goza,* 143 Ga. App. 455 (238 SE2d 583) (1977).

In his order denying the appellants' motion for new trial, the trial judge found as a matter of fact that "Plaintiff was struck by defendant's vehicle when plaintiff suddenly ran his bicycle into defendant's path *at a place where the woods came right up to the pavement and blocked the view* of the dirt path traveled by plaintiff. [Emphasis supplied.]" Determination of whether the defendant's view was obstructed was material to this case.

Our review of the trial transcript shows that the injured child's mother testified that the dirt trail from which her child exited was in an "open" space filled with "just small weeds" and that the woods were farther back from the road. The appellee testified at one point that the woods came all the way to the pavement but at another time he testified that the tall trees were 12 to 15 feet from the pavement and that alongside the road there were only "bushes and small trees" but "enough to knock [sic.] the view." We find that this evidence created a disputed issue of fact and that it was error for the trial judge to remove this disputed issue of fact from the jury. Accordingly, the directed verdict for the defendant must be reversed. See *Russell v. Goza,* supra.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 12, 1978 — DECIDED DECEMBER 1, 1978.

*Powell, Goldstein, Frazer & Murphy, Nickolas P. Chilivis, Robert M. Travis,* for appellants.

*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White,* for appellees.