## 40661. ABEE v. STONE MOUNTAIN MEMORIAL ASSOCIATION.

CLARKE, Justice.

We granted certiorari in this matter to consider the question whether a child between the ages of seven and fourteen may ever be deemed to have assumed the risk as a matter of law.

The plaintiff 11-year-old child, accompanied by his parents, visited Stone Mountain Memorial Park. He purchased a ticket and rode on various water slides at the park. Plaintiff was injured when he was riding up the side of the flume in a curve of the "Corkscrew" ride and flipped over. In his deposition he testified that he was injured on his third trip down the slide which he described as a "thrill ride." He also testified that the condition of the flume and of the water was the same on the ride when he was injured as on the previous safe rides. He testified that part of the fun of the ride was to go up the sides of the u-shaped flume and that he expected to ride higher on the side of the "Corkscrew" than on other rides. When during his deposition plaintiff's father was asked what he thought made the slide unsafe he responded: "The only thing that I can say that I feel makes it unsafe is the fact that my son was able to get hurt when, to the best of my knowledge, he was doing everything that he should have been doing to ride safely from the top to the bottom. Other than that, I can't say what specifically could have been made safer." In plaintiff's deposition he testified that he fractured his jaw, lost one front tooth, and broke his other front tooth. The Court of Appeals found that (1) the trial court correctly granted summary judgment to Stone Mountain Memorial Association and Smith Construction Company for negligence in the operation, maintenance, construction or supervision of the slide or design of the water pump because the facts show plaintiff assumed the risk; (2) summary judgment was inappropriately granted Smith Construction on the strict liability count on the basis that Smith was not a manufacturer; (3) the trial court correctly granted summary judgment to Stone Mountain in regard to the allegation that it operated a public nuisance. We granted certiorari and affirm.

Plaintiff was injured when he flipped over on the ride and hit his mouth. This was a danger which was patent and obvious to anyone familiar with the ride. We find that under the analysis of the Court of Appeals in *Atlanta Funtown v. Crouch,* 114 Ga. App. 702 (152 SE2d 583) (1966), the plaintiff assumed the risk of injury ". . . as a result of natural and obvious hazards necessary to the purpose of the device. . . ." Id. at 703. Further, the obviousness of the very danger which led to the injury in question makes this one of those cases in which a

minor below the age of fourteen may be deemed to have assumed the risk as a matter of law. *Jackson v. Young,* 125 Ga. App. 342 (187 SE2d 564) (1972).

*Judgment affirmed. All the Justices concur, except Hill, C. J., Smith and Gregory, JJ., who dissent.*

DECIDED APRIL 19, 1984.

*Orr & Edwards, W. Fred Orr II, James S. Edwards II,* for appellant.

*Connell & Kintz, George H. Connell, Jr., Christopher E. Penna, Mark A. Smith III, Daniel M. Formby, Assistant Attorney General,* for appellee.

GREGORY, Justice, dissenting.

I respectfully dissent because I believe it is wrong to relieve the defendants of the responsibility for their alleged failure to exercise due care on the theory that an eleven-year-old child who acts as any normal child would in enjoying a ride at an amusement park is, as a matter of law, charged with having knowledge of a danger associated with the ride and having intelligently acquiesced in that danger. W. Prosser, Law of Torts, 4th ed., p. 441, § 68 (1971). The issue should be resolved by a jury.

Prosser has undertaken to define assumption of the risk in its simplest and primary sense. ". . . assumption of risk means that the plaintiff, in advance, has given his consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or leave undone." Prosser, supra, p. 440. The defendants in this case invited this child, for a fee, to ride an amusement device which others were riding without mishap, and which he rode on several occasions without mishap. If there was no negligence on the part of the defendants which was the proximate cause of plaintiff's injuries, there can be no recovery. It was a legal accident. But assumption of the risk is quite another matter. Perhaps the majority was misled by the father's statement quoted in the majority opinion. "The only thing that I can say that I feel makes it unsafe is the fact that my son was able to get hurt when, to the best of my knowledge, he was doing everything that he should have been doing to ride safely from the top to the bottom. Other than that, I can't say what specifically could have been made safer." This statement is an indication the father can point to no negligence on the part of defendants, but it does nothing

to establish assumption of the risk. It does quite the opposite.