A01A0196. JEKYLL ISLAND STATE PARK AUTHORITY
v. MACHURICK.
(552 SE2d 94)

POPE, Presiding Judge.

On August 4, 1996, Kimberly Machurick paid admission to "Summer Waves" Amusement Park, operated by the Jekyll Island State Park Authority. Before riding a water slide called the "Pirate's Passage," Machurick watched other Park patrons use the ride, entering at the top and exiting at the bottom into water. She described the slide as a black enclosed tube about two stories high that goes at a very steep angle, nearly straight down, with two bumps in the middle. Machurick recalled her first trip down the slide, accompanied by a friend on a double-seated inner tube, as a bumpy, fast, and fun ride. But on her second descent, also with a friend, her body became airborne and her head hit the top of the slide after she passed over the first bump. At the second bump, she fell completely off the inner tube and preceded it into the water below.

Machurick sued the Park for the injuries she sustained on the water slide, and the Park moved for summary judgment. The trial court denied the motion, and after the trial court certified its order for immediate review, we granted the Park's application for interlocutory appeal.

1. The Park asserts that the trial court erred in denying its motion for summary judgment because Machurick's claims are barred under the doctrine of assumption of risk. We agree.

A finding that Machurick assumed the risks attendant to riding the water slide would bar her recovery against the Park: "The affirmative defense of assumption of the risk bars recovery when it is established that a plaintiff, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not." (Punctuation and footnote omitted.) *Muldovan v. McEachern*, 271 Ga. 805, 807 (2) (523 SE2d 566) (1999). In order to prove this defense, the Park was required to establish that Machurick "(1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed [herself] to those risks." (Footnote omitted.) *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996). The issue of assumption of risk is not ordinarily susceptible of summary adjudication. But in cases where plain, palpable, and indisputable evidence demonstrates that the plaintiff

assumed the risk of her injuries, summary judgment is appropriate. *Goodman v. City of Smyrna*, 230 Ga. App. 630, 631 (497 SE2d 372) (1998).

Georgia courts have addressed the issue of assumption of risk in connection with amusement park rides on a number of occasions and have held that a person who uses such rides assumes the risk of injury arising "as a result of the natural and obvious hazards necessary to the purpose of the device." (Citation and punctuation omitted.) *Abee v. Stone Mountain Mem. Assn.*, 252 Ga. 465 (314 SE2d 444) (1984).

In *Atlanta Funtown v. Crouch*, 114 Ga. App. 702 (152 SE2d 583) (1966), for example, a plaintiff sued for injuries she sustained on a roller coaster, claiming that defendant negligently operated the ride at an unreasonable speed. This Court reversed the trial court's denial of the defendant's motion for summary judgment, holding that the plaintiff assumed the risk of the ride's speed after she observed the roller coaster's speed before she rode it. Id. at 712. The danger was apparent from the fact that "[t]he forces generated by the changes of speed and direction were not obscure dangers but were ordinary, necessary and inherent in the device itself and were part of the thrill bargained for." Id. at 712-713 (3).

And in *Abee v. Stone Mountain Mem. Assn.*, 169 Ga. App. 167 (312 SE2d 142) (1983), a minor child, on his third descent down a water slide, flipped over as he went around a curve and injured his mouth. This Court affirmed the trial court's grant of the defendant's summary judgment motion on the ground of assumption of risk. We found that the child understood the "natural and obvious hazard necessary to the purpose of the slide coupled with the operation of gravity. . . ." Id. at 170 (1). The Supreme Court affirmed that decision, holding that, given the obviousness of the danger, the plaintiff assumed the risk. *Abee v. Stone Mountain Mem. Assn.*, 252 Ga. at 465-466.

Similarly, in *Marley v. Silver Dollar City,* 198 Ga. App. 44 (400 SE2d 337) (1990), a woman decided to ride the "Bonzai Pipeline," a ride apparently very similar to the Pirate's Passage in this case, after watching several persons enter and exit the ride. She was injured when she landed in the exit pool upside down. The trial court granted summary judgment to the park. We affirmed, holding that under *Atlanta Funtown*, she assumed the risk of her injuries. *Marley*, 198 Ga. App. at 45.

Here, Machurick also had actual knowledge of the danger inherent in the ride. She watched patrons ride the slide just like the plaintiffs in *Atlanta Funtown* and *Marley*, and even experienced the ride shortly before her injury, like the plaintiff in *Abee*. Also, the danger here, just as in *Atlanta Funtown*, was not obscure. Plaintiff under-

stood the forces of gravity and water flow that propelled patrons down the slide. And plaintiff understood that the ride contained two bumps that were significant enough to cause the rider's inner tube "to catch a little air" and that going over the bumps in the slide "makes your stomach go in your throat." She also knew from first-hand experience that she would not be strapped to the inner tube while on the ride.

With this knowledge and experience, Machurick voluntarily boarded the slide and exposed herself to the risks of riding a rubber inner tube over bumps designed to cause the craft to go at least slightly airborne inside a dark, enclosed tube, while at the same time being propelled swiftly downward by water and the forces of gravity. A natural and obvious hazard inherent in this kind of ride is that the rider may be bounced on the inner tube as it proceeds over the bumps and that some part of the rider's body, such as the head, may come in contact with the outer tube. We hold that the danger that Machurick would receive the injuries she did was "necessary and inherent in the device itself and . . . part of the thrill bargained for." *Atlanta Funtown*, 114 Ga. App. at 712-713 (3). Accordingly, the trial court should have granted the Park's motion for summary judgment.

2. In light of our holding in Division 1, we need not reach the Park's remaining enumerations of error.

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JULY 3, 2001 —
RECONSIDERATION DENIED JULY 24, 2001

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Brenda A. Raspberry, Assistant Attorney General*, for appellant.

*Walter D. Adams*, for appellee.