**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 20, 2023**

# In the Court of Appeals of Georgia

A23A1023. SHEFFIELD v. JEKYLL ISLAND STATE PARK
     AUTHORITY.

FULLER, Senior Judge.

In this negligence/premises liability action, plaintiff Tanya Sheffield appeals from the trial court's order granting summary judgment to defendant Jekyll Island State Park Authority. Sheffield contends that multiple disputed issues of fact preclude summary judgment. For the reasons that follow, we disagree and affirm.

Viewed in the light most favorable to Sheffield, the nonmovant, see *Henry v. Griffin Chrysler Dodge Jeep Ram*, 362 Ga. App. 459, 460 (868 SE2d 827) (2022), the record shows that she, her boyfriend, and some family members visited a water park operated by Jekyll Island in July 2019. While at the park, Sheffield and her boyfriend decided to ride a water slide that entailed walking up several flights of stairs. At the

top of the stairs, they sat in an inner tube, with Sheffield in the front, and a park employee pushed them down the slide. As they reached the water pool at the end of the slide, Sheffield's right foot hit something hard; she did not know whether she struck the slide, a pool surface, or both. When she tried to stand up, she could not put any weight on her right leg due to pain in her foot, knee, and hip. Her boyfriend and a lifeguard helped her into a wheelchair and took her to a first aid station. Sheffield visited a hospital later that day and continued to receive treatment for pain in her foot, knee, and hip for some time thereafter.

Following discovery, Jekyll Island moved for summary judgment on the grounds that (i) there is no record evidence of a hazardous condition at the water park, and (ii) Sheffield assumed the risk that going down the slide might cause the injuries of which she complains. After a hearing, the trial court summarily granted Jekyll Island's summary judgment motion. This appeal followed.

"We review de novo a grant or denial of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant." *Henry*, 362 Ga. App. at 460.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The

burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the movant meets this burden, the nonmovant cannot rest on [her] pleadings, but rather must point to specific evidence giving rise to a triable issue.

Id. at 460-461 (citations and punctuation omitted); see OCGA § 9-11-56 (c), (e).

In that vein, speculation which raises merely a conjecture or possibility is not sufficient to create even an inference of fact for consideration on summary judgment. . . . [And] if there is insufficient evidence to create a genuine issue as to any essential element of a plaintiff's claim, that claim tumbles like a house of cards, and all other factual disputes are rendered immaterial.

*Handberry v. Manning Forestry Svcs.*, 353 Ga. App. 150, 152 (836 SE2d 545) (2019) (citations and punctuation omitted).

1. Sheffield first contends that the trial court erred when it ignored multiple disputed material facts regarding Jekyll Island's negligence. We discern no error.

"To state a cause of action for negligence in Georgia, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." *Callaway Gardens Resort v. Grant*, 365 Ga. App. 222, 224 (1) (878 SE2d 65) (2022) (citation and punctuation omitted). Similarly, "[u]nder OCGA § 51-3-1, a person who owns or

occupies land and by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."[1] *D'Elia v. Phillips Edison & Co.*, 354 Ga. App. 696, 698 (839 SE2d 721) (2020) (citation and punctuation omitted). "[N]egligence is not to be presumed, but is a matter for affirmative proof. And in the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence." *Handberry*, 353 Ga. App. at 152-153 (1) (citations and punctuation omitted). Thus, the mere "occurrence of an unfortunate event is not sufficient to authorize an inference of negligence." *Wilkerson v. Alexander*, 208 Ga. App. 83, 85 (1) (429 SE2d 685) (1993) (citation and punctuation omitted).

Sheffield contends that Jekyll Island caused her injuries by: (i) allowing her and her boyfriend to ride the water slide together on an inner tube while exceeding the attraction's 350-pound weight restriction; and (ii) failing to ensure that the "exit pool" at the end of the slide had enough water in it. But Sheffield identifies no record

---

[1] It is undisputed that Sheffield was an invitee of Jekyll Island at the time of the incident underlying this appeal. See, e.g., *Barton v. City of Rome*, 271 Ga. App. 858, 860 (610 SE2d 566) (2005) ("[O]wners or occupiers of land owe a statutory duty to their customers, as invitees, to . . . keep the premises and approaches reasonably safe . . . .").

evidence establishing the total weight of her and her boyfriend or the depth of the water in the exit pool either on the day in question generally or at the specific time she was injured. While Sheffield testified as to her weight on the day she was deposed in April 2022 (nearly three years after the incident), she was noticeably pregnant at that time, and she did not know how much her boyfriend weighed (although she guessed that he weighed less than she did). She therefore cannot establish either that Jekyll Island acted negligently by failing to enforce or otherwise warn her about the weight restriction or that any such failure was a cause of her injuries.[2]

The only record evidence Sheffield identifies as to the depth of the exit pool water is her own affidavit, in which she attested, without any elaboration or explanation of the basis for her opinion, "The exit pool did not have sufficient water to prevent my foot and leg from hitting the bottom." But absent record evidence establishing the water depth necessary for the ride to be operated safely or the actual depth of the exit pool water when she was injured, Sheffield's conclusory opinion that

---

[2] For the same reason, Sheffield can only speculate that Jekyll Island's failure to provide a means for riders to weigh themselves caused or contributed to her injuries. See *Thurman v. TCFPA Family Med. Centers*, 358 Ga. App. 439, 440-441 (855 SE2d 431) (2021) ("[A] plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. . . . [A] mere possibility of such causation is not enough.") (citations and punctuation omitted).

there was insufficient water in the pool amounts to no more than speculation that the water depth was a hazardous condition. See *Henson v. Ga.-Pacific Corp.*, 289 Ga. App. 777, 779 (1) (658 SE2d 391) (2008) (the plaintiff's "belief" that counterweights on elevator doors in which he injured his hand were "too loose" was "nothing more than mere personal speculation that could not defeat summary judgment") (punctuation omitted); *Emory Univ. v. Smith*, 260 Ga. App. 900, 902 (581 SE2d 405) (2003) (the plaintiff's testimony "that she *thought* the ramp [on which she slipped and fell] was more slippery than regular pavement because it *appeared* to be freshly painted" amounted to mere speculation insufficient to defeat summary judgment because "she did not support her belief with any proof"); see also generally *Bryan Bank & Trust v. Steele*, 326 Ga. App. 13, 14 (1) (755 SE2d 828) (2014) ("[W]hen the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven.") (citation and punctuation omitted). That is especially so when viewed together with Sheffield's own equivocal deposition testimony that she did not know whether she hit her foot on a surface of the water pool, the slide, or both, and a water park incident report signed by Sheffield stating that she "fell out of [the inner] tube in [the water slide] runout and injured [her] knee on [the] bottom of

6

[the] slide." See *Handberry*, 353 Ga. App. at 152 (speculation is insufficient to create an inference of fact on summary judgment); see also generally *Callaway Gardens Resort*, 365 Ga. App. at 225 (1) ("[W]here the plaintiff does not know of a cause or cannot prove the cause [of her injury], there can be no recovery . . . .") (citation and punctuation omitted).

On a related note, the record contains no evidence that Jekyll Island had any knowledge that the water depth in the exit pool may have been unsafe on the day in question or at the time Sheffield was injured, which independently defeats Sheffield's claim based on the water level. See *Emory Univ.*, 260 Ga. App. at 901 ("The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an *unreasonable risk* of harm. Recovery is allowed only when the proprietor had knowledge and the invitee did not."). To the contrary, the only record evidence even remotely related to that issue consists of: (i) a "Safety Check" form indicating that no unsafe conditions were found when the water slide was inspected on the day of the incident; and (ii) a State Office of Insurance and Safety Fire Commissioner "Amusement Ride Safety Inspection Report" indicating that the water slide passed its annual inspection two and a half months before the incident in this case. Given the absence of record

evidence of either a hazardous condition or Jekyll Island's knowledge thereof, Jekyll Island was entitled to summary judgment on Sheffield's negligence claims.

2. Our ruling in Division 1 renders it unnecessary to address Sheffield's contention that Jekyll Island is not entitled to summary judgment on its defense of assumption of risk. See generally *Jekyll Island State Park Auth. v. Machurick*, 250 Ga. App. 700, 700-702 (1) (552 SE2d 94) (2001).

*Judgment affirmed. Doyle, P. J., and Gobeil, J., concur*.