### 66725. ABEE v. STONE MOUNTAIN MEMORIAL ASSOCIATION et al.

SHULMAN, Chief Judge.

Plaintiff/appellant, a minor suffered injuries while riding the "Corkscrew," a water slide amusement ride at Stone Mountain Park. He brought this suit to recover damages for the injuries he sustained, and his father was appointed to serve as his guardian ad litem. This appeal was filed from the grant of summary judgment to defendants/appellees Stone Mountain Memorial Association ("Stone Mountain") and Mark Smith Construction Company, Inc. ("Smith Construction").

In his complaint, the appellant alleged that Stone Mountain had negligently operated, managed, and supervised the water slide

and had negligently designed, manufactured, assembled, and constructed the slide; that the slide was defective and not reasonably suited for the use intended; and that the continued use and operation of the slide by Stone Mountain constituted the maintenance of a public nuisance. It was alleged that Smith Construction was guilty of negligence in the design, manufacture, assembly, and construction of the slide, and was strictly liable under OCGA § 51-1-11 (Code Ann. § 105-106). Each defendant/appellee denied appellant's allegations and set forth various defenses to appellant's action.

On appeal, appellant maintains that summary judgment was erroneously granted appellees because there remained genuine issues of material fact concerning Stone Mountain's alleged negligence in its operation, maintenance, and supervision of the slide; its alleged negligence in the design and installation of the slide's water pump; Smith Construction's alleged negligence in the assembly and construction of the slide; whether Stone Mountain's continued use and operation of the slide constituted the maintenance of a public nuisance; and whether Smith Construction was strictly liable as the manufacturer of the water slide.

The record contains, among other things, the deposition of the injured child. The 11-year-old testified that his parents accompanied him to the water slide complex but that he was the only family member to purchase a ticket in order to ride on the various slides. He alternated riding the "Wet Jet" and the "Corkscrew" and was injured on his third trip down the "Corkscrew." Young Abee stated that he had seen others riding the slide and that it looked like fun. He agreed that "part of the fun" of the ride was to slip up the sides of the U-shaped fiberglass flumes, and that it was a "thrill ride." He noted that the "Corkscrew" was "rougher" since it had a tendency to sling the rider farther up the sides of the flume. He returned to the calmer "Wet Jet" after each "Corkscrew" ride (except the last one), but went back to the "Corkscrew" to "try it again." He sustained his injuries when, after riding up the side of a curve of the flume, he "flipped over" into the bottom of the U-shaped flume and hit his mouth on the fiberglass. The child also testified that there was nothing unusual about the condition of the slide at the site of his mishap, that the slide did not run any differently at the time he was injured from the times he rode injury-free, and that the water flow was no different. He stated that he expected to go up the sides of the flume on the curves and that he was aware that one rode the curves higher on the "Corkscrew" than on other slides. Appellant testified that during his two successful rides down the "Corkscrew" he had noticed that his body would "slip a bit" when he rode up the sides of the flume.

1. Appellees contend that appellant's deposition conclusively

establishes the fact that the youngster assumed the risks inherent in riding a water slide and therefore cannot recover for any negligence on the part of Stone Mountain or Smith Construction in the operation, maintenance, construction, design, and supervision of the slide. See *Holbrook v. Prescott,* 166 Ga. App. 588 (305 SE2d 156); *Atlanta Funtown, Inc. v. Crouch,* 114 Ga. App. 702 (152 SE2d 583). However, before we undertake a study of appellant's deposition to determine if, through it, appellant displayed the knowledge requisite to assuming the risk, we must decide if the trial court was correct when it implicitly determined as a matter of law that this minor could assume the risk.

"The defense of assumption of risk presupposes (1) that the plaintiff had some actual knowledge of the danger; (2) that he understood and appreciated the risk therefrom, and (3) that he voluntarily exposed himself to such risk." 57 AmJur2d 674, Negligence, § 281. " 'The business invitee on private premises assumes the risk of danger of which he knows about and fully comprehends, or which is sufficiently obvious. [Cit.]' *Amear v. Hall,* 164 Ga. App. 163, 169 (296 SE2d 611) (1982)." *Holbrook v. Prescott,* supra, p. 437. "Assumption of risk in its simplest and primary sense means that the plaintiff has given his express consent to relieve the defendant of an obligation of conduct toward him and to take his chance of injury from a known risk." *Roberts v. King,* 102 Ga. App. 518, 521 (116 SE2d 885). "Infants under fourteen years of age . . . assume the risk of those patent, obvious, and known dangers which they are able to appreciate and avoid." *Evans v. Josephine Mills,* 119 Ga. 448 (Hn. 6) (46 SE 674).

Although whether assumption of risk on the part of a child bars recovery "is peculiarly a question for the jury" (*Walt Disney Productions v. Shannon,* 247 Ga. 402, 405 (fn. 3) (276 SE2d 580)), if "the facts are so plain and palpable that they demand a finding by the court as a matter of law," the trial court may make that determination on summary adjudication without the intervention of a jury. See *Jackson v. Young,* 125 Ga. App. 342, 343 (187 SE2d 564).

We now turn to the record in the case, including the deposition of appellant, to determine if summary judgment for Stone Mountain and Smith Construction were demanded under the doctrine of assumption of risk. The child was an experienced rider of water slides and agreed that the slide was a "thrill ride"; and that part of the fun was to slide up the sides of the flume. He was aware of the fact that riders of the "Corkscrew" were catapulted farther up the sides of the flume than riders of the "Wet Jet," and he had himself experienced the sensation of his body slipping on the sides of the flume as he rode down the slide. Fully aware of the ride's propensities and armed with

the "consciousness of the force of gravity" which makes every child who is old enough to be at large aware of the risk of falling (see *Laite v. Baxter,* 126 Ga. App. 743, 747-748 (191 SE2d 531)), appellant voluntarily exposed himself to the risks of the ride again and again, stopping only after suffering the injuries upon which his present claims are based. Thus, it appears from appellant's testimony that he was familiar with the operation of water slides in general and the "Corkscrew" in particular; that he had observed the operation of the slide before riding it himself; that he had, in fact, ridden the offending slide several times before sustaining injury; that there was no observable defect in the slide; and that the slide was operated no differently on the occasion of his fateful ride. His testimony reflects that his mishap was not "a result of obscure or unobservable risks, unexpected dangers or unseen defects" but was a result of a natural and obvious hazard necessary to the purpose of the slide coupled with the operation of gravity, the operation of which appellant is presumed to be aware. Furthermore, appellant had previously experienced the effect of the combination of the "natural and obvious hazard" and the force of gravity, though not to the extent he did the time he was injured. Thus, appellant assumed the risk of sustaining an injury when he voluntarily chose to ride on the slide, and neither Stone Mountain nor Smith Construction can be held liable for negligence in the operation, maintenance, construction or supervision of the slide or the design of the water pump. See *Holbrook v. Prescott,* supra; *Atlanta Funtown, Inc. v. Crouch,* supra. The trial court did not err when it granted summary judgment to Stone Mountain and Smith Construction on these allegations contained in appellant's complaint.

2. Appellant next argues that the trial court erred when it granted Smith Construction summary judgment on appellant's claim of strict liability in tort. OCGA § 51-1-11 (b) (Code Ann. § 105-106) provides that "[t]he manufacturer of any personal property . . . shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained."

Mark Smith, III, appellee's vice president and supervisor of the Stone Mountain project, executed an affidavit in which he averred that Smith Construction was hired by Stone Mountain to construct the foundations for the water slide complex in accordance with the designs submitted by another company, and to assemble the fiberglass sections in accordance with the design and direction of the

business entity which had designed the water slide and produced the fiberglass flumes. Neither the designer of the foundations nor the designer of the slide remains as a party to this lawsuit. However, the president of the slide-designing company executed an affidavit in which he affirmed the fact that his company had, in addition to designing the slide, produced the fiberglass sections necessary for its construction. It is undisputed that Smith Construction was, at best, the assembler of the components which make up the water slide complex. An assembler may be a manufacturer for purposes of OCGA § 51-1-11 (Code Ann. § 105-106) only if, after assembling the various component parts, it sells them as a single product under the trade name of the assembler. *Pierce v. Liberty Furniture Co.,* 141 Ga. App. 175 (4) (233 SE2d 33). The record contains no evidence, one way or another, on this important subsection of the strict liability issue. However, since "[t]he party resisting a motion for summary judgment is given the benefit of all inferences that may be drawn from the evidence" 141 Ga. App. 175 (4), supra (id.), we must conclude, for the purposes of this motion for summary judgment only, that Smith Construction was an assembler which fell into the OCGA § 51-1-11 (Code Ann. § 105-106) definition of a manufacturer. In the absence of evidence to the contrary, summary judgment was inappropriately granted Smith Construction on the count alleging strict liability in tort.

3. In Count 4 of the complaint, appellant contends that Stone Mountain's continued operation of the water slide after allegedly being aware of other injuries allegedly sustained on the slide constituted the maintenance of a public nuisance that was the proximate cause of appellant's injuries.

"A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals." OCGA § 41-1-2 (Code Ann. § 72-102). "This language is not used in the sense that *every person* in the area must have been actually hurt or injured in order to show a public nuisance . . . It is sufficient if it injures those of the public who may actually come in *contact* with it. [Cits.] A public nuisance exists if the act complained of affects rights which are common to all within a particular area. [Cit.]" *Atlanta Processing Co. v. Brown,* 227 Ga. 203 (6b) (179 SE2d 752).

In response to a question propounded him during his deposition, young Abee stated that he had watched people riding the slide and had not seen anybody injured. Inasmuch as a public nuisance must injure *all* members of the public who come in contact with it, appellant's testimony to the contrary effectively erased his public nuisance cause of action. The trial court correctly granted

summary judgment to Stone Mountain on this count.

*Judgment affirmed in part and reversed in part. McMurray, P. J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED NOVEMBER 17, 1983 —
REHEARING DENIED DECEMBER 1, 1983 —

W. Fred Orr II, James G. Edwards II, for appellant.

George H. Connell, Jr., Mark A. Smith III, M. T. Simmons, Jr., Michael J. Bowers, Attorney General, Marion O. Gordon, Senior Assistant Attorney General, J. Robert Coleman, Daniel M. Formby, Royce F. Morris, Assistant Attorneys General, for appellees.