## 68604. CITY OF ATLANTA & FULTON COUNTY RECREATION AUTHORITY v. MERRITT.
(323 SE2d 680)

BENHAM, Judge.

Appellee sued appellant for damages incurred when appellee, an 8-year-old at the time of the incident here involved, was struck in the face by a foul ball during a baseball game appellee attended at Atlanta-Fulton County Stadium, a sports facility operated by appellant. Appellee's theory of recovery is that the design and maintenance of the facility is negligently defective because the area from which appellee was watching the game when he was injured, the picnic area adjacent to the right field foul line, is not adequately screened from the playing field. This appeal from the trial court's denial of appellant's motion for summary judgment was filed in this court pursuant to our grant of appellant's petition for permission to file an interlocutory appeal.

1. Appellant relies on *Hunt v. Thomasville Baseball Co.,* 80 Ga. App. 572 (56 SE2d 828) (1949), for the proposition that spectators at baseball games are presumed to be aware of the dangers attendant

thereto, and on *Abee v. Stone Mtn. &c. Assn.*, 169 Ga. App. 167 (312 SE2d 142) (1983), for the proposition that a child of tender years may be held to have assumed the risk of injury as a matter of law. Based on those cases, appellant asserts that it is entitled to judgment as a matter of law.

" 'Infants under fourteen years of age . . . assume the risk of those patent, obvious, and known dangers which they are able to appreciate and avoid.' [Cit.] Although whether assumption of risk on the part of a child bars recovery 'is peculiarly a question for the jury' [cit.], if 'the facts are so plain and palpable that they demand a finding by the court as a matter of law,' the trial court may make that determination on summary adjudication without the intervention of a jury. [Cit.]" *Abee*, supra at 169. In *Abee*, the record included a deposition of the plaintiff on which this court relied heavily in establishing that the plaintiff was aware of the risk of injury and voluntarily assumed that risk. The record of the present case is not so complete and there is nothing in it which demands the conclusion that appellee understood the risk of occupying the place he occupied and assumed that risk. In light of appellee's age and the lack of evidence in the record concerning his ability to appreciate the risk and his actual understanding of the risk, we hold that *Hunt*, supra, which did not involve a child, does not apply so as to demand a ruling that appellee, as a matter of law, assumed the risk of the injury he sustained.

2. Appellant has offered this court citations from several foreign jurisdictions to support its argument that it has fully discharged its duty to protect spectators from foul balls by providing protected seating behind home plate. Representative of those cases is Akins v. Glens Falls City School Dist., 53 NY2d 325 (424 NE2d 531) (1981), where it was held that "in the exercise of reasonable care, the proprietor of a ball park need only provide screening for the area of the field behind home plate where the danger of being struck by a ball is the greatest. Moreover, such screening must be of sufficient extent to provide adequate protection for as many spectators as may reasonably be expected to desire such seating in the course of an ordinary game." 424 NE2d at 533.

Once again, we find that the record of this case does not establish appellant's entitlement to judgment as a matter of law. The New York court in Akins, supra, noted that it did not "suggest that where the adequacy of the screening in terms of protecting the area behind home plate properly is put in issue, the case should not be submitted to the jury." Id. 424 NE2d 534. Appellee has done in this case what the Akins court anticipated: he has alleged that the design of the stadium is deficient in that the particular area which he occupied is a high-risk area which is unprotected and that the allegedly negligent design caused his injury. Appellant has not pierced those allegations

by producing facts to refute them. Nor has appellant shown by evidence that there is sufficient screen-protected seating available for as many spectators as may reasonably be expected to desire such seating in the course of an ordinary game. Considering appellant's burden as movant for summary judgment to affirmatively negative appellee's claim by evidence (*Rogin v. Dimensions South Realty*, 153 Ga. App. 75 (264 SE2d 555) (1980)), and the fact that there is no such evidence in the record of this case, we are compelled to hold that appellant has not demonstrated entitlement to judgment as a matter of law on the basis of its theory that no duty to appellee was breached.

3. Appellant contends that appellee cannot recover because the sole proximate cause of appellee's injuries was the negligence of his parents in taking him into a place of danger. *Stroud v. Willingham*, 126 Ga. App. 156 (190 SE2d 143) (1972). However, since we have ruled in the preceding division of this opinion that questions of fact remain with regard to whether the design of appellant's facility is defective and whether that allegedly negligent design caused appellee's injury, logic compels the conclusion that we cannot say, based on the record of this case as it now exists, that the proximate cause of appellee's injuries was negligence on the part of his parents.

Since appellant has not demonstrated its entitlement to judgment as a matter of law by producing evidence affirmatively showing that appellee cannot recover, the trial court was correct in denying appellant's motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1984.

*Ronald D. Reemsnyder, Michael R. Johnson,* for appellant.
*Robert G. Nardone,* for appellee.