S96A1932. MORELAND v. CHENEY et al.
(479 SE2d 745)

SEARS, Justice.

The appellant, Earnest Moreland, is the operator of the Countdown Lounge, a nightclub in Evans County, Georgia. The trial court found that the Countdown Lounge constituted a public nuisance and permanently enjoined Moreland from operating it. On appeal, Moreland's sole contention is that the trial court erred in issuing a permanent injunction because the evidence was insufficient to support a finding of a public nuisance. For the reasons that follow, we disagree.

It has been held that

"[a] public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals." OCGA § 41-1-2. "This language is not used in the sense that every person in the area must have been actually hurt or injured in order to show a public

nuisance. . . . It is sufficient if it injures those of the public who may actually come in contact with it. [Cits.] A public nuisance exists if the act complained of affects rights which are common to all within a particular area. [Cit.]" *Atlanta Processing Co. v. Brown*, 227 Ga. 203[, 211] (6b) (179 SE2d 752) (1971).[1]

There was evidence presented to the trial court of numerous, pervasive problems that were generated by, and occurred in and around, the lounge. These problems included the illegal sale of alcohol to adults and minors; the illegal dealing of drugs; the outbreak of numerous fights, including gunfights; and the creation of significant traffic congestion, loud music, and littering. Having reviewed the record, we conclude that there was ample evidence presented to the trial court to authorize it to find that the Countdown Lounge constituted a nuisance.[2]

Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 21, 1997.

*David Roberson, Diane M. Morrell,* for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney,* for appellees.

---

[1] *Abee v. Stone Mtn. Mem. Assn.*, 169 Ga. App. 167, 171 (3) (312 SE2d 142) (1983).
[2] See *Atlanta Processing Co.*, 227 Ga. at 210-211.