### A08A0867. CITY OF COLLEGE PARK v. 2600 CAMP CREEK, LLC.
#### (666 SE2d 607)

MILLER, Judge.

The City of College Park sued 2600 Camp Creek, LLC, alleging that the private access road adjacent to Camp Creek's apartment complex was a public nuisance, and demanding that the nuisance be abated.[1] The trial court found that the road was not a public nuisance as a matter of law and granted summary judgment to Camp Creek on the City's claims. The City appeals. Finding that there remain material issues of fact, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment

---

[1] Camp Creek filed a counterclaim against the City for tortious interference with a prospective business relationship and inverse condemnation, among other claims.

as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence shows that Frontage Road connects Herschel Road with Camp Creek Parkway. The road provides the only vehicular access to Camp Creek's Wynterbrook Apartments. Camp Creek owns the portion of Frontage Road abutting its apartment complex. The road is used by residents of Wynterbrook Apartments, other adjacent apartment complexes, emergency vehicles, and, due to its proximity to the airport, by the general public. The Metropolitan Atlanta Rapid Transit Authority ("MARTA") had previously operated its buses along the road, but at Camp Creek's request rerouted operations following the filing of this lawsuit. After the City initiated this action, Camp Creek also attempted to close Frontage Road to the public access by gating the road. The City removed the gates and Camp Creek had not re-installed them when the trial court entered the order that is the subject of this appeal.[2]

Frontage Road's poor condition results from numerous potholes, uneven surfaces, broken cement, and other structural defects. The road's poor condition causes a significant delay to police response time at the Wynterbrook Apartments, and many officers have reported that the road has damaged the tires on their squad cars. According to the City's public works director, the road is dangerous for pedestrians and unsafe for vehicular traffic. The City engineer describes vehicular travel along the road as difficult and burdensome.

As averred by the City's police chief, the condition of the road "inhibits emergency vehicles traveling on the road, thereby placing the persons residing in the adjoining apartment complexes in . . . jeopardy." According to the City's fire marshal, the road's gross disrepair requires large fire trucks to travel at a slower speed in times of emergency, and "[a]dding mere seconds to a fire response can greatly impact the outcome of an emergency situation." The fire marshal also averred that the road in its current state of disrepair

---

[2] Camp Creek has moved to dismiss the appeal on the grounds that the gates have again been installed and that any reversal of the trial court's judgment would be moot. Because Camp Creek fails to demonstrate that a reversal of the trial court's judgment would have no benefit to the City, we deny the motion. See *McWhorter v. Greene*, 221 Ga. App. 590, 591 (472 SE2d 135) (1996) ("[i]f an appellant . . . will benefit by reversal of a case, his appeal is not moot") (citation and punctuation omitted).

violates an applicable fire code allowing the marshal to require more than one access road to a "one-way-in, one-way-out" complex if the primary roadway is subject to potential impairment. Evidence further shows that the residents of the Wynterbrook Apartments are in particular need of police and fire services because the low occupancy rate of the facility makes it particularly "attractive to the homeless, gang activity, drugs, and crime."

At issue is whether the trial court erred in determining that, as a matter of law, Frontage Road is not a public nuisance. "A nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance." OCGA § 41-1-1. A public nuisance is "one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals." OCGA § 41-1-2. In addition, a public nuisance requires "some act or omission which obstructs or causes inconvenience to the public in the exercise of rights common to all." *Cox v. DeJarnette*, 104 Ga. App. 664, 676-677 (2) (c) (123 SE2d 16) (1961).

A trier of fact could conclude that the condition of Frontage Road so impedes the necessary passage of the City's police, fire, and other emergency personnel as to significantly endanger the health and safety of those persons residing at or visiting the Wynterbrook Apartments and the other apartment complexes adjacent to the road. Significant interference with "the public health, the public safety, the public peace, the public comfort or the public convenience" may support a finding of public nuisance. See Restatement (Second) of Torts, § 821B (2) (a). For example, pervasive problems in and around a lounge, including "the illegal sale of alcohol to adults and minors; the illegal dealing of drugs; the outbreak of numerous fights, including gunfights; and the creation of significant traffic congestion, loud music, and littering," constituted ample evidence of a public nuisance. *Moreland v. Cheney*, 267 Ga. 469 (479 SE2d 745) (1997).

Further, "[a] public nuisance exists if the act complained of affects rights which are common to all within a particular area." *Atlanta Processing Co. v. Brown*, 227 Ga. 203, 211 (6) (b) (179 SE2d 752) (1971). The residents of and visitors to the Wynterbrook Apartments and other complexes adjacent to Frontage Road receive the benefit of the City's fire and police protection and other emergency services because they are members of the public.

We find no merit in Camp Creek's argument that Frontage Road cannot, as a matter of law, be a nuisance because it is located on private property and because the City has failed to demonstrate actual harm attributable to the road's condition. That Frontage Road is not publicly owned does not prohibit a finding that it was

maintained as a public nuisance. See *Atlanta Processing Co.*, supra, 227 Ga. at 211 (6) (b) (privately owned bone meal processing plant that emits noxious odors was a public nuisance). All persons within the area affected by the road were exposed to the risk posed by the road's interference with the City's fire and police services and other emergency responders. Because a public nuisance "may vary in its effects on individuals," OCGA § 41-1-2, the City need not wait for a calamitous effect before it can demonstrate the existence of a significant interference with the public safety.

*Cox*, supra, 104 Ga. App. at 676-677 (2) (c), and *Abee v. Stone Mountain Mem. Assn.*, 169 Ga. App. 167 (312 SE2d 142) (1983), relied on by Camp Creek, do not require a different result. The City has presented evidence of the violation of a common right, unlike the plaintiff in *Cox*, and that all persons within the road's sphere of operations were injured by its condition, unlike the plaintiff in *Abee*. Accordingly, "[w]hether or not the acts of the defendant constituted a public nuisance, as contended by the plaintiff and denied by the defendant . . . [are] issues for the jury to determine." *Scott v. Reynolds*, 70 Ga. App. 545, 549 (29 SE2d 88) (1944).

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 4, 2008.

*Fincher, Denmark & Williams, Winston A. Denmark, L'Erin F. Barnes*, for appellant.

*Kirby, Palmer, Farrell & Nix, Bridgette M. Palmer, Fellows & La Briola, Henry D. Fellows, Jr., Henderson & Hundley, Kelly M. Hundley, Smith, Currie & Hancock, Philip E. Beck, Andrew R. McBride, Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert, Michael S. Fineman*, for appellee.