**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 5, 2025**

# In the Court of Appeals of Georgia

A24A1829. THE MAYOR AND ALDERMEN OF THE CITY OF
    SAVANNAH v. ALTMAN.

McFADDEN, Presiding Judge.

Gladys Charlene D. Altman brought this action for public nuisance against the Mayor and Aldermen of the City of Savannah after she tripped and fell over a buckle in a city sidewalk. The trial court denied the City's motion for summary judgment, and we granted interlocutory review of that decision. Because the City has shown the absence of evidence to support one of the essential elements of Altman's claim — that the alleged nuisance injures all members of the public who come into contact with it — and Altman has not pointed to any specific facts giving rise to a triable issue on that element, the City is entitled to summary judgment. So we reverse.

1. *Facts*

"We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *Woodcraft by MacDonald v. Ga. Cas. & Sur. Co.*, 293 Ga. 9, 10 (743 SE2d 373) (2013) (citation and punctuation omitted). So viewed, the evidence showed that Altman was injured after she tripped and fell on the buckled city sidewalk on November 6, 2019. The buckle was caused by a tree root.

Altman had noticed the buckle before, but she had not notified the City of it. In support of its motion for summary judgment, the City asserted that there was "no evidence that anyone had ever tripped or fallen in the area of the sidewalk where Ms. Altman fell or otherwise reported a defect or abnormality in the sidewalk prior to her fall." Although Altman denied that assertion, she did not point to any evidence in the record to dispute the point.

2. *Analysis*

"A municipality may be held liable for damages it causes to a third party from the operation or maintenance of a nuisance[.]" *City of Atlanta v. Dale*, 353 Ga. App. 817, 818 (2) (840 SE2d 56) (2020) (citation and punctuation omitted). "A public nuisance is one which damages all persons who come within the sphere of its

operation, though it may vary in its effects on individuals." OCGA § 41-1-2. This means that "a public nuisance must injure all members of the public who come into contact with it[.]" *City of Douglasville v. Queen*, 270 Ga. 770, 774 (4) (514 SE2d 195) (1999) (citation and punctuation omitted) . Accord *Kitchen v. CSX Transp.*, 265 Ga. 206, 210 (3) (453 SE2d 712) (1995); *White v. Ga. Power Co.*, 265 Ga. App. 664, 668 (2) (595 SE2d 353) (2004); *United Refrigerated Svcs. v. Emmer*, 218 Ga. App. 865, 866 (2) (463 SE2d 535) (1995).

So a dispositive question in this case is whether there is evidence that the damaged sidewalk injures all members of the public who come into contact with it.[1] We are not persuaded by Altman's argument that her public nuisance claim can proceed even though, as stated above, there is no evidence in the record that anyone other than her has tripped and fallen on the damaged sidewalk.

Altman argues that the injury in this case is the requirement that people alter their behavior to avoid potential injury from the buckled sidewalk. It is true that not every person who comes into contact with a public nuisance need actually be physically injured; a "public nuisance exists if the act complained of affects rights

---

[1] The City also argued to the trial court that it lacked notice of the damaged sidewalk. The City does not continue to argue that issue in its appellate brief.

which are common to all within a particular area." *Moreland v. Cheney*, 267 Ga. 469, 470 (479 SE2d 745) (1997) (citations and punctuation omitted). But an invitee on a walking surface "is not entitled to an absolutely smooth or level way of travel." *James v. Sirmans*, 299 Ga. App. 262, 263 (683 SE2d 354) (2009) (citation and punctuation omitted).

Moreover, in many cases Georgia appellate courts have held that defendants were entitled to summary judgment against public nuisance claims in situations where the alleged nuisances clearly presented potential risks to people encountering them. See, e. g., *Queen*, 270 Ga. at 774 (4) (city was entitled to summary judgment against claim that proximity of city-sponsored parade to railroad tracks was a public nuisance, because the "undisputed evidence showed that during the 30 or more years prior to the injuries incurred by the Queen girls, no other parade spectator had ever been injured by a train on the railroad tracks"); *White*, 265 Ga. App. at 668 (2) (power company was entitled to summary judgment against claim that its operation and maintenance of a dam and boat ramp on a river without warning signs was a public nuisance, where "[t]he undisputed evidence showed that during the decades prior to the[ ] deaths [at issue in the case], no other person had ever drowned when entering

4

the river via the boat ramp, whether during power generation or otherwise"); *United Refrigerated Svcs.*, 218 Ga. App. at 866 (2) (defendant was entitled to summary judgment against claim that the presence of trees on its property that blocked the view of train tracks was a public nuisance, where the defendant had no knowledge of any previous accidents). See also *Abee v. Stone Mountain Mem. Assn.*, 169 Ga. App. 167, 171-172 (3) (312 SE2d 142) (1983) (physical precedent only) (park owner was entitled to summary judgment against claim that the continued use and operation of a water slide was a public nuisance, where the evidence showed that other people were not injured while riding the slide), aff'd at 252 Ga. 465 (315 SE2d 444) (1984).

The alleged public nuisances in the above cases — a parade held in proximity to railroad tracks, a boat ramp accessing a river with potentially dangerous currents, a road's obscured intersection with railroad tracks, and a water slide — all arguably posed a heightened risk of injury to any member of the public who came into contact with them, but this was not enough to satisfy the element that the public nuisance must injure *all* members of the public who come into contact with it.

We do not read our decision in *Mayor & Aldermen of the City of Savannah v. Herrera*, 343 Ga. App. 424 (808 SE2d 416) (2017), which Altman cites, to conflict

with these authorities. We held in *Herrera* that summary judgment was not appropriate in a claim that a tree that obstructed drivers' line of sight at an intersection constituted a public nuisance where, in addition to the accident in question, there was evidence of "a number of 'near misses' during [a] short one half hour period [in which a witness had] monitored the [i]ntersection." Id. at 435 (4). *Herrera* is distinguishable because, unlike here, the additional evidence of frequent "near misses" at an intersection created a jury question about whether the tree "obstruct[ed] or cause[d] inconvenience to the public in the exercise of rights common to all." Id. at 435 (4) (citation and punctuation omitted).

Altman argues that to require her to point to evidence of other injuries or incidents involving the buckled sidewalk would inappropriately impose a "'first bite immunity' standard" (drawing an analogy with dog bite cases). We disagree. This is simply an application of the well-established "law governing the parties' respective burdens on summary judgment. . . ." *Patterson v. Kevon, LLC*, 304 Ga. 232, 235 (818 SE2d 575) (2018).

As our Supreme Court has explained, a defendant seeking summary judgment may meet its burden of demonstrating the lack of a genuine issue of material fact in one of two ways,

> by either presenting evidence negating an essential element of the plaintiff's claims or [by] establishing from the record an absence of evidence to support such claims. . . . Where a defendant moving for summary judgment discharges this burden, the nonmoving party . . . must point to specific evidence giving rise to a triable issue [to avoid summary judgment].

*Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted).

The City met its burden as the summary judgment movant by pointing to the lack of evidence showing that the damaged sidewalk "injure[s] all members of the public who come into contact with it[.]" *Queen*, 270 Ga. at 774 (4) (citation and punctuation omitted). The burden then shifted to Altman as the nonmovant to point to evidence creating a fact question on that issue. Because Altman failed to do so, the City was entitled to summary judgment. See id. ("Inasmuch as a public nuisance must injury all members of the public who come into contact with it, the evidence to the

contrary effectively erased [the plaintiff's] public nuisance cause of action.") (citation and punctuation omitted).

*Judgment reversed. Mercier, C. J., and Rickman, P. J., concur.*